Ethan A. Hom (CA SBN 190296)
Rebecca A. Cucu (CA SBN 201763)
NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP
111 Corporate Drive, Suite 225
Ladera Ranch, California 92694
Telephone:  (949) 234-6032
Facsimile:   (949) 429-0892

Adam J. Gana (NY SBN AG1980)
NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP
Empire State Building
350 Fifth Avenue, Suite 7413
New York, New York 10118
Telephone:  (212) 267-3700
Facsimile:   (212) 587-0031

Kenneth B. Chaiken (TX SBN 04057800)
CHAIKEN & CHAIKEN, P.C.
One Galleria Tower
13355 Noel Rd., Suite 600
Dallas, Texas 75240
Telephone:  (214) 265-0250
Facsimile:   (214) 265-1537

*Attorneys for Defendant NeedBasedApps, LLC*

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
JEFFREY K. RIFFER, State Bar No. 87016
*jriffer@elkinskalt.com*
ERIC J. LORENZINI, State Bar No. 218433
*elorenzini@elkinskalt.com*
OHIA A. AMADI, State Bar No. 268876
*oamadi@elkinskalt.com*
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400
Facsimile: 310.746.4499

*Attorneys for Plaintiffs Robbins Research*

238558v2   1
[PROPOSED] STIPULATED PROTECTIVE ORDER

*International, Inc. and Steven Paul Doyle*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROBBINS RESEARCH INTERNATIONAL, INC., STEVEN PAUL DOYLE,<br><br>              Plaintiffs,<br>      v.<br><br>NEEDBASEDAPPS, LLC, and DOES 1-10,<br><br>              Defendants. | Case No. CV12-00797 GW (FMOx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY THE COURT.** |

   Plaintiffs Robbins Research International, Inc. ("RRI") and Steven Paul Doyle ("Doyle") (collectively, RRl and Doyle will be referred to as "Plaintiffs"), and Defendant NeedBasedApps, LLC ("NBA") hereby STIPULATE and AGREE pursuant to Federal Rule of Civil Procedure 26(c), subject to approval of the Court, to the following Protective Order:

   1.   Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the

Court to enter the following Stipulated Protective Order. Plaintiffs and NBA (collectively, the "Parties") acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2. In connection with discovery and the trial of this action, the Parties may designate certain documents and testimony, or other information derived therefrom, as "Confidential" or "Highly Confidential" under the terms of this Stipulated Protective Order ("Order").

3. "Confidential" information is information which falls within the scope of Federal Rule of Civil Procedure 26(c)(1)(G) ("trade secret or other confidential research, development, or commercial information") and all trade secrets within the meaning of California Civil Code § 3426.1(d), such as confidential personnel records, customer lists, market surveys, business plans, marketing analyses, investor information, financial records, or board meeting minutes.

4. "Highly Confidential" information is limited to the software code that relates to the Emotions Coach application; the Rapid Planning Method ("RPM") applications, the GetItDone (formerly known as PowerPlan) application, the Sales Funnel application; and any other applications that NBA and RRI developed or contemplated developing ("Source Code"). Analyses and reports regarding that

Source Code, created by experts and consultants of the Parties and which analyses and reports do not include actual lines of software code, shall not be designated as "Highly Confidential", but shall be treated as "Confidential."

5. GOOD CAUSE STATEMENT: This suit is not intended to be used to gain a competitive advantage through public disclosure of sensitive commercial information. The unfettered disclosure of the above-listed information, including but not limited to the filing of the documents in the public record, could be harmful to the commercial interests of one or more of the Parties in this action. There is good cause to enter this Protective Order to ensure adequate protection against the unfettered use or public disclosure of Protected Material (as defined in Paragraph 6, supra).

6. A party receiving ("Receiving Party") material protected under this agreement ("Protected Material") may use Protected Material disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.

7. By designating a document, testimony or other information derived therefrom as Protected Material labeled either "Confidential" or "Highly Confidential" under the terms of this Stipulated Protective order, the designating party is certifying that there is a good faith basis both in law and in fact for the designation. Such "Confidential" and "Highly Confidential" materials shall be used solely in connection with this lawsuit, and not for any business, competitive, or governmental

purpose or function, and such information shall not be disclosed to anyone except as provided herein.

8. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order should be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial proceedings), that the party producing Protected Material ("Producing Party") affix the legend **"Confidential" or "Highly Confidential"** on each page that contains Protected Material, or prominently on each electronic media that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial proceedings</u>, testimony taken at a deposition may be designated as "Confidential" or "Highly Confidential" by making a statement to that effect on the record at the deposition or other proceeding. Following the deposition, the party wishing to designate certain testimony as Protected Material ("Designating Party") shall have 30 days, after the transcript becomes available, to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.

(c) <u>for information produced in any other form, including any tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend **"Confidential" or "Highly Confidential."** If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

9. Information or material produced which is designated as "Confidential" may be disclosed or made available only to the "qualified persons" designated below:

a. the Parties;

b. any person who authored or created (whether alone or in conjunction with others) the information or material, or who received or reviewed a copy of the information or material in the ordinary course of business;

c. the Court and the Court's staff and employees;

d. outside counsel of a Party (including the paralegal, clerical, and secretarial staff employed by such counsel);

e. in-house counsel of a Party;

f. an officer, director, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

g. experts or consultants (together with their clerical staff) retained to assist in the prosecution, defense, or settlement of this action who sign an undertaking

confirming that they have reviewed and agree to be bound by the terms of the Protective Order;

h. court reporter(s) employed in this action;

i. a witness at any proceeding in this action; and,

j. any other person as to whom the Disclosing Party agrees in writing.

10. Information or material produced which is designated as "Highly Confidential" may be disclosed or made available only to the "qualified persons" designated below:

a. any person who authored or created (whether alone or in conjunction with others) the information or material, or who received or reviewed a copy of the information or material in the ordinary course of business (*e.g.*, Steven Paul Doyle may review any versions of the Source Code produced by NBA pursuant to this order to the extent that he authored, created, received, or received that version of the Source Code in the ordinary course of business, but he cannot review versions that were created after the termination of his work on the project);

b. the Court and the Court's staff and employees;

c. outside counsel of a Party (including the paralegal, clerical, and secretarial staff employed by such counsel);

d.  experts or consultants (together with their clerical staff) retained to assist in the prosecution, defense, or settlement of this action who sign an undertaking confirming that they have reviewed and agree to be bound by the terms of the protective order;

e.  court reporter(s) employed in this action;

f.  witnesses of the party producing the information; and

g.  any other person as to whom the Disclosing Party agrees in writing.

11. Nothing herein shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Protected Material as it deems appropriate.

12. In the event that any Protected Material is used in any pretrial proceeding in this action, it shall not lose its confidential status through such use, and the Party using such shall take all reasonable steps to maintain its confidentiality during such use; however, this Paragraph does not apply where the Protected Material appears in the public record.

13. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5 and this Court's

published procedures requiring an application to the Court for an order to seal documents. Local Rule 79-5 provides as follows: "Except when authorized by statute or federal rule, or the Judicial Conference of the United States, no case or document shall be filed under seal or in camera without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal or in camera. The proposed order shall address the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Where under-seal or in-camera filings are authorized by statute or rule, the authority therefor shall appear on the title page of the proposed filing. Applications and proposed orders to seal or file in camera, along with the material to be sealed or submitted in camera, shall not be electronically filed but shall be presented to the Clerk for filing in paper format, in the manner prescribed by Local Rule 79-5. Unless the filer is exempted from electronic filing pursuant to L.R. 5-4.2(a), a Notice of Manual Filing shall first be electronically filed identifying the materials being manually filed. A copy of the Notice of Manual Filing, together with its NEF (see L.R. 5-3.3), shall be presented with the documents presented for filing."

14. This Stipulated Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Stipulated Protective Order nor the designation or production of any information or document under the terms of this Stipulated Protective Order nor any proceedings pursuant to this Stipulated Protective Order shall be deemed to have the effect of an admission or waiver by any Party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any Party or the absence thereof. Neither the Stipulated Protective Order nor its contents, nor designation of a document as "Confidential" or "Highly Confidential," nor any Party's objection or failure to object to such a designation is admissible as evidence for the purpose of proving or disproving any matter at issue in any litigation between the parties and/or their officers, directors, employees, agents, and affiliates. Further, the Parties agree that the "Confidential" or "Highly Confidential" designations provided on documents for purposes of production under this Stipulated Protective Order are not admissible for any purpose.

15. Any Party may challenge the confidentiality designation of the other Party, but shall be required to maintain the confidentiality of the information unless and until a ruling issues designating that the information ought not be deemed

"Confidential" or "Highly Confidential," or the Designating Party fails to seek a ruling on the confidentiality of the designated material, as set forth in detail in Paragraph 17.

16. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must begin the process by conferring directly with counsel for the Designating Party, pursuant to Local Rule 37. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

17. If the Parties are unable to resolve their dispute regarding the confidentiality of the designated material following the meet and confer process set forth in Paragraph 18, the Designating Party must, pursuant to Federal Rule of Civil Procedure 26, Local Rule 37, and the other rules of this Court, file and serve a motion for a protective order that identifies the material designated as confidential and affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. In making or opposing any motion relating to the designation of confidential information, the party seeking to maintain a document as confidential shall bear the burden of persuading the Court that the information is Confidential within the definition of that term set forth above and showing specific prejudice or harm that will result if the information is not protected.

238558v2   11
[PROPOSED] STIPULATED PROTECTIVE ORDER

18. In the case of a dispute, the material designated as confidential will be deemed confidential until thirty (30) days following the start of the meet and confer process set forth in Paragraph 16. If the Designating Party files a motion for a protective order, as set forth in Paragraph 17, the designated material maintains its confidentiality designation until the court orders otherwise. If the Designating Party fails to file a motion for a protective order following the meet and confer process, after thirty (30) days from the start of the meet and confer process, the material is no longer considered confidential.

19. This protective order does not apply to trial proceedings. If this matter proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.

20. Upon written request, at the conclusion of this matter, the Parties hereby agree to promptly return all copies of all Protected Material received; or, in the alternative, the Parties may shred all copies of all such Protected Material and promptly send written confirmation to the other Party that they have complied with the terms of this Stipulation. Notwithstanding, outside counsel shall be able to retain a copy of Protected Material that has been submitted in a pleading or marked as an exhibit in a deposition.

238558v2   12
[PROPOSED] STIPULATED PROTECTIVE ORDER

21. This Order shall not preclude a Party from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

22. This Order shall be binding upon the Parties to this action, the attorneys for each party, upon any recipient of discovery designated as "Confidential" or "Highly Confidential," and upon any successor, executor, personal representative, administrator, heir, legal representative, assignee, subsidiary, division, employee, agent, independent contractor, or other person or legal entity over which any Party or attorney or recipient of documents covered by this Order may have control.

IT IS SO STIPULATED by counsel of record:

DATED: October 29, 2012         CHAIKEN & CHAIKEN, P.C.

                                By: __/s/ Kenneth B. Chaiken_____

                                   Kenneth B. Chaiken
                                   Attorney for Defendant NeedBasedApps, LLC

DATED: October 29, 2012         ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

                                By: __/s/ Eric J. Lorenzini_____
                                   Eric J. Lorenzini

| | |
|---|---|
| | Attorneys for Plaintiffs Robbins Research International, Inc. and Steven Paul Doyle |

**IT IS SO ORDERED.**

DATED: 11/7/12

```
                          _____/s/_____
                          The Honorable Fernando M. Olguin
                          United States Magistrate Judge
```

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

238558v2